# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4068 | **DATE** | 10/6/10 |
| **CASE TITLE** | Cedric Payne (#2009-0040998) vs. Evanston Police Department | | |

**DOCKET ENTRY TEXT:**

Plaintiff's amended complaint is dismissed, without prejudice. Plaintiff is granted leave to file a second amended complaint, naming the police officers alleged to have violated his rights (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims in his amended complaint that the Evanston Police Department falsely arrested him, using excessive force. He also alleges that in falsely arresting him, the Evanston Police Department violated his right to equal protection. Plaintiff appears to state valid claims for false arrest, excessive use of force, and violation of his right to equal protection.

However, the plaintiff must submit a second amended complaint. The Evanston Police Department is not an entity separate from the City of Evanston and is not a suable party. *West By & Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001).

Plaintiff must name as Defendants the individual police officer(s) who allegedly subjected him to excessive force, false arrest, and equal protection violation. If Plaintiff cannot name the individual officers, he can name a supervisory official such as Evanston Police Chief Richard Eddington for the purpose of identifying unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Although Plaintiff may name Richard Eddington in order to identify unknown Defendants, he asserts no claims against Eddington to hold him personally liable under § 1983. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (supervisors cannot be held liable for the constitutional torts of a subordinate under a theory of *respondeat superior*). Thus, Eddington should be named as a Defendant in the second amended complaint only if Plaintiff can articulate a claim against him or if Eddington is needed to identify the unnamed police officers.

**(CONTINUED)**

|  | AWL |
|---|---|

Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit a second amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the complaint on file and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the second amended complaint, without reference to the original or the amended complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed.